**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**GARY L. PERROT,**

    **Plaintiff,**

**vs.**                                                  **CASE NO. 1:08CV142-MP/AK**

**WALTER MCNEIL, et al,**

    **Defendants.**

    _____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 4).

Plaintiff alleges that the Assistant Warden at Mayo Correctional Institution and the Secretary of FDOC improperly denied him a book he had ordered without a valid penological or security reason. The court finds that Plaintiff has sufficiently stated a claim against the Assistant Warden to allow for service of the complaint, but that his request for injunctive relief against the Secretary may not be proper merely because of his supervisory authority as Secretary of the Florida Department of Corrections. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of

Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained.  Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  Unless Plaintiff has more facts to support a showing that Secretary McNeil was personally involved in the decision to deny him his books or that McNeil would be the authority against whom an injunction should issue in order to force the return of his books, Defendant McNeil should be deleted from an amended complaint.  From the facts as stated, Plaintiff is complaining that Defendant Robinson made the actual decision to confiscate the book and would be the person who would be in authority to return the book if so ordered.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his

**No. 1:08cv142-MP/AK**

claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **October 30, 2008.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this 14th day of October, 2008.

s/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:08cv142-MP/AK**