**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**GARY L. PERROT,**

    **Plaintiff,**

**vs.**                                                                  **CASE NO. 1:08cv142-MP/AK**

**SHARON GRANTHAM, et al,**

    **Defendants.**

    _____/

## O R D E R

Plaintiff, an inmate proceeding *pro se*, has filed an amended complaint. (Doc. 11). The pleading has been reviewed as is required by 28 U.S.C. § 1915A and is deemed sufficient to alert Defendants to the nature and basis of Plaintiff's claims. It cannot be said upon this review of the amended complaint that Plaintiff has failed to state a claim upon which relief may be granted.

However, the Court herein reminds Plaintiff of the law related to his claims because he is warned that if the Court finds at some point later in these proceedings, after putting the defendants to the expense of defending this lawsuit, that it is entirely merit less, Plaintiff will be given a strike for filing a frivolous suit. The Court issues this warning because of a factual misstatement in the complaint upon which these claims hinge. Plaintiff states that "there were no valid penological or security issues justifying the rejection" of three books, the Guide to Private Investigating and Forensics Demystified. In fact, in the papers attached to the complaint the reasons provided for

rejecting the books were that they "encourage[s] or instruct[s] in the commission of criminal activity." It is not necessary that the Court read these books to imagine that there is a wealth of information contained therein that would be considered a security issue. Plaintiff himself acknowledges that his first amendment rights are not absolute and may be infringed by prison regulations so long as the regulations are "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 409, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989), *quoting* Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987); *see also* Hakim v. Hicks, 223 F.3d 1244, 1247 (11th Cir. 2000) (noting that a challenge to a prison regulation which burdens an inmate's constitutional rights is "actionable . . . only if the regulation is unreasonable."). Plaintiff does not allege that the regulations themselves are unconstitutional, he complains that in this instance they have been applied in an unconstitutional manner, that is, that the defendants denied him these books without a valid reason related to a legitimate penological interest. This will be a high evidentiary hurdle to overcome.

      Typically, a court should serve the complaint and have benefit of the defendant's response before making a determination that a prisoner's lawsuit should be dismissed as frivolous. See Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

      Plaintiff should take note that his claims are seriously close to this standard for dismissal. However, out of an abundance of caution, service of the amended complaint

Case No. 1:08cv142-MP/AK

will be directed upon submission of the service copies should Plaintiff not elect to dismiss this suit voluntarily.

Under Fed. R. Civ. P. 4(c)(1), a copy of the amended complaint for each named Defendant is necessary to effect service and must be submitted by Plaintiff. As Plaintiff has named five (5) Defendants in this action, Plaintiff must provide the Court with five additional copies of the amended complaint that are identical to the amended complaint, doc. 11, filed with the Court.

Accordingly, it is

**ORDERED**:

1. Plaintiff shall have until February 6, 2009, to provide the Court with five (5) identical copies of his amended complaint for service on the Defendants.

2. **Failure to submit the service copies as directed will result in a recommendation of the dismissal of this action.**

**DONE AND ORDERED** this  *22*$^{nd}$  day of January, 2009.

> *s/ ALLAN KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 1:08cv142-MP/AK